THE HONORABLE JUDGE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE DESIGNS, INC., a Washington corporation,<br><br>     Plaintiff,<br><br>  v.<br><br>JAB DISTRIBUTORS, LLC, an Illinois corporation,<br><br>     Defendant. | Case No. 2:18-cv-1806-TSZ<br><br>DEFAULT JUDGMENT |

THIS MATTER having come before the Court on Plaintiff Cascade Designs, Inc. ("CDI")'s Motion for Judgment on Default, docket no. 10, (the "Motion") pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55(b)(2); the Court having considered CDI's Motion and the accompanying Declaration of Douglas A. Grady, exhibits and all other filings and papers in this matter; and the Court otherwise being fully advised and for good cause shown; the Court hereby enters the following Judgment:

1.   CDI has established Defendant JAB Distributors, LLC ("JAB") is liable on all of the following seven Counts asserted in CDI's Complaint (Dkt. No. 1) based on CDI's well-pled

allegations and the facts presented in the Declaration of Douglas A. Grady, which are assumed to be true because JAB has failed to appear in this matter:

    a.    Count I: Federal Trademark Infringement, 15 U.S.C. § 1114;

    b.    Count II: Federal Trademark Dilution, 15 U.S.C. § 1125(c);

    c.    Count III: Federal Unfair Competition, 15 U.S.C. § 1125(a)(1);

    d.    Count IV: Washington Common Law Unfair Competition;

    e.    Count V: Washington Consumer Protection Act, RCW 19.86.020;

    f.    Count VI: Cancellation of Registration No. 4,538,345; and

    g.    Count VII: Cancellation of Registration No. 5,138,979.

2.    JAB having failed to answer or respond to CDI's allegations, the Court takes as true CDI's well-pleaded allegations, and concludes that CDI is entitled to default judgment on all seven Counts of the Complaint. *See Cripps v. Life Ins. Co. of North Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("In reviewing a default judgment, this court must take the well-pleaded factual allegations . . . as true. However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default.") (citation omitted).

NOW THEREFORE, it is hereby ORDERED that CDI's Motion for Judgment on Default is GRANTED in part.

It is further ORDERED that judgment on Counts I through VII of the Complaint is ENTERED in favor of CDI and against JAB.

It is further ORDERED that the Commissioner of the United States Patent and Trademark Office is DIRECTED to cancel Registration Nos. 4,538,345 and 5,138,979.

The Court declines to find that this is an "exceptional case" entitling Plaintiff to attorney's fees under the Lanham Act. Exceptional cases involve infringement that is "malicious, fraudulent,

deliberate or willful." *Gracie v. Gracie*, 217 F.3d 1060, 1068 (9th Cir. 2000) (internal quotation marks omitted). Here, the pleadings indicate that Defendant possesses registrations from the U.S. Patent and Trademark Office for both infringing marks. *See* Complaint, docket no. 1, ¶¶ 24-25. The Court declines to find that Defendant engaged in malicious, fraudulent, deliberate, or willful infringement where Defendant's applications matured into registration on the Final Register without rejection by the U.S. Patent and Trademark Office. Plaintiff has not moved for fees under any other provision of law.

It is further ORDERED that as of the date of this Order, JAB and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with JAB, and/or any person(s) acting for, with, by, through, or under JAB, are PERMANENTLY ENJOINED from:

    a. Manufacturing, marketing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any products that display any of the words or symbols THERM·A·SLEEP or THERM-A-SLEEP or any other mark that infringes or is likely to be confused with CDI's United States Trademark Registration Nos. 1,112,314; 1,112,315; 1,599,634; 4,794,076; 4,795,261; 4,795,262; and 4,835,391 for THERM-A-REST® (collectively, "the THERM-A-REST® Marks");

    b. Using any trademark that imitates or that so resembles CDI's THERM-A-REST® Marks as to be likely to cause confusion, mistake or deception, or public misunderstanding as to the origin of JAB's products or their connectedness to CDI or CDI's products;

    c. Using any word, phrase, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or

1 | association of JAB or JAB's products with CDI or CDI's products or as to the origin of JAB's products;

    d. Making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) JAB's products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with CDI or CDI's products or (ii) CDI's products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with JAB or JAB's products;

    e. Registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark THERM-A-SLEEP, THERM·A·SLEEP, or any other mark that infringes or is likely to be confused with CDI's THERM-A-REST® marks, or any goods or services of CDI, or CDI as their source; and

    f. Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (e).

For the purpose of avoiding any possible hardship to third party individuals and entities such as third-party retailers and suppliers who have current stock of products subject to this injunction, the above injunction applies only to orders of goods placed on or after the date of service of this Order on JAB.

It is further ORDERED that, within 30 days of this Order being filed, JAB must deliver to CDI's counsel its entire inventory of infringing products, including, without limitation, its sleep products, packaging, labeling, advertising and promotional material, and all plates, patterns,

molds, matrices, and other material for producing or printing such items, that are in its possession or subject to its control and that infringe the THERM-A-REST® Marks.

Dated this 24th day of April, 2019.

_____
Thomas S. Zilly
United States District Judge