UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE DESIGNS INC, <br><br> Plaintiff, <br><br> v. <br><br> JAB DISTRIBUTORS LLC, <br><br> Defendant. | C18-1806 TSZ <br><br> ORDER |

THIS MATTER comes before the Court on the Motion for Relief from Default Judgment, docket no. 24. The Court entered a default judgment in favor of Plaintiff and against Defendant JAB Distributors LLC ("JAB"), docket no. 11, on April 24, 2019. Pursuant to Federal Rule of Civil Procedure 60(b)(1), Protect-A-Bed, LLC ("PAB"), the legal successor to JAB, moved to vacate the default judgment, docket no. 24. For the reasons stated in this Order, the Court GRANTS the motion and VACATES the default judgment.

**Discussion**

**I.  Service**

PAB claims that it was unaware of this lawsuit until after the Court entered a default judgment against JAB and raises issues of fact regarding the adequacy of service

ORDER - 1

in this action. Defendant JAB was no longer in existence at the time the complaint was filed, having merged into PAB. *See* Declaration of Michael Silverman, docket no. 26, ¶ 6. Plaintiff, however, only attempted to serve JAB, not PAB. Plaintiff's process server claims to have served Jane Meloy, who informed him at the time of service that "she was the office manager, a person authorized to accept service on behalf of her business." Declaration of Process Server Roger Burton, docket no. 32-3, ¶ 3. Meloy, however, does not recall being served with the summons and complaint in December 2018, and was not authorized to accept service on behalf of PAB, the entity that controlled the trademarks at issue by the time Plaintiff initiated this action. *See* Declaration of Jane Meloy, docket no. 27, ¶¶ 6, 8-9. If JAB was not properly served, the Court would lack personal jurisdiction over it. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Alternatively, even if JAB was properly served, Plaintiff did not serve PAB, the successor entity.

**II.    Relief from Default**

Default judgments are disfavored. *See Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."). Courts consider three factors in determining whether good cause exists for relief from a default judgment under Rule 60(b): "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Id.* Here, the Plaintiff will not be significantly prejudiced by vacating the default judgment. Plaintiff's ability to pursue its claims will not be hindered. There

are potentially meritorious defenses in the form of laches, lack of likelihood of confusion, strength of the marks (or lack thereof), and lack of proximity or relatedness of the goods, among others.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The Motion for Relief from Default Judgment, docket no. 24, is GRANTED. The Default Judgment, docket no. 11, is VACATED.

(2) Plaintiff's Surreply to Strike Certain Material Contained in the Reply, docket no. 43, is DENIED.

(3) Plaintiff's Motion for Attorney Fees and Costs, docket no. 13, is DENIED without prejudice. The Court reserves ruling on whether this litigation constitutes an "exceptional case" under the Lanham Act, thereby potentially entitling a party to attorneys' fees at the conclusion of this litigation.

(4) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 10th day of June, 2019.

                                                      Thomas S. Zilly
                                                      United States District Judge